UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEDRO DANIEL RAMIREZ ALVARADO, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FIELD OFFICE DIRECTOR, TODD M. LYONS, KRISTI NOEM, and PAMELA JO BONDI, <br><br> Respondents. | CAUSE NO. 3:26-CV-54-CCB-SJF |

## OPINION AND ORDER

Immigration detainee Pedro Daniel Ramirez Alvarado, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the government is ordered to release him forthwith.

Mr. Ramirez Alvarado is 22 years old and came to the United States from Mexico in 2003 when he was a young child. He was granted relief under the Deferred Action for Childhood Arrivals (DACA) by the United States Citizenship and Immigration Services

(USCIS), including authorization to work in the United States.[1] (ECF 1-1.) He was taken into custody by agents of Immigration and Customs Enforcement (ICE) in October 2025, and was then transferred to Miami Correctional Facility (MCF) pending removal proceedings. (*See* ECF 1-2.) He argues that his detention violates applicable statutes and implementing regulations, as well as the Fifth Amendment's Due Process Clause.

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 7.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 6), and Mr. Ramirez Alvarado has filed a reply (ECF 7).

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Ramirez Alvarado is

---

[1] DACA is a "program for conferring affirmative immigration relief" for certain individuals who arrived in the United States as a child, including the ability to work and eligibility for Social Security benefits. *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 10 (2020). "Approval of deferred action status means" that for "humanitarian reasons," no action will be taken to remove the recipient from the United States, even though he or she is otherwise removable. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) Deferred action is granted for a two-year period, which is subject to renewal. *Dep't of Homeland Sec.*, 591 U.S at 10. It appears Mr. Ramirez Alvarado's deferred action status may have expired (*see* ECF 1-1), and it is unclear if he is seeking a renewal or some other form of relief to try to remain in the United States. The present petition only challenges the legality of his detention.

2

subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Ramirez Alvarado who are arrested within the interior of the country well after their arrival. Finding Mr. Ramirez Alvarado to be an applicant "seeking admission" is particularly untenable, given that he has been living and working in the United States for several years pursuant to a grant of relief by USCIS.[2] *See e.g., Giron Bautista v. Secretary of U.S. Dep't of Homeland Security, et al.*, No. 2:26-CV-75-JES-DNF, 2026 WL 183556, at *1 (M.D. Fla. Jan. 23, 2026) (noncitizen who had been living and working in United States pursuant to grant of relief under DACA could not be

---

[2] DACA recipients are verified by USCIS to have resided in the United States since at least 2007. 8 C.F.R. § 236.22(b)(2).

categorized as an applicant seeking admission under 8 U.S.C. § 1225(b)(2)); *Escobar-Ruiz v. Raycraft,* No. 1:25-cv-1232, 2025 WL 3039255, at *4 (W.D. Mich. Oct. 31, 2025) (DACA recipient "cannot logically be said to be seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2); *Belsai D.S. v. Bondi*, ---F. Supp.3d---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *7 (D. Minn. Oct. 1, 2025) (DACA recipient could not be categorized as "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2)).

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude 8 U.S.C. § 1226(a). The Respondents do not argue or provide documentation to show that Mr. Ramirez Alvarado was arrested pursuant to an administrative warrant so as to trigger application of § 1226(a).[3] Instead, they rest on the previously rejected argument that his detention is authorized by § 1225(b)(2). The court concludes that Mr. Ramirez Alvarado is

---

[3] Respondents submit no immigration records pertaining to Mr. Ramirez Alvarado, and instead submit documentation related to the petitioner in *De Jesús Aguilar*, presumably to preserve their arguments raised in that case. (*See* ECF 6-1.)

entitled to release as the removal process unfolds or until the government pursues other options available to it.[4]

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus and ORDERS respondents to release Pedro Daniel Ramirez Alvarado immediately from custody and to certify compliance with this order by filing a notice with the court by **February 4, 2026**;

(2) **DIRECTS** the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Pedro Daniel Ramirez Alvarado's release; and

(3) **ORDERS** that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on February 2, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Because the court concludes that his detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument regarding the Fifth Amendment. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").